**Kim Phuong Vu BUI, Plaintiff–Counter–defendant—Appellant,**

**v.**

**UNITED STATES of America; et al., Defendants–Counter–claimants—Appellees.**

No. 01–36171.

D.C. No. CV–00–00939–BJR.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 12, 2002.*

Decided Aug. 19, 2002.

Before SCHROEDER, Chief Judge, TASHIMA, and RAWLINSON, Circuit Judges.

### MEMORANDUM **

Kim Phuong Vu Bui appeals pro se the district court's summary judgment for defendants in her action seeking a refund of penalties assessed against her as an income tax preparer pursuant to I.R.C. §§ 6694 and 6695. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, *Barnett v. Centoni,* 31 F.3d 813, 815–16 (9th Cir.1994), and we affirm.

Bui contends summary judgment was improper because she did not prepare the income tax returns at issue, notwith-

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

standing that her name and social security number appears on each return as the paid preparer. This contention lacks merit. Bui admitted that she either voluntarily signed returns she did not personally examine and/or was aware that her name was being signed by someone else. The district court properly held that Bui's signature and social security number constituted a declaration under penalty of perjury that she personally verified that the information on the return was correct and therefore subjected her to the penalty for preparers who understate a taxpayer's liability. *See* IRS Form 1040, Declaration of Paid Preparer; *see also* I.R.C. §§ 6065 and 6694.

■ Bui also contends that because she did not receive any compensation for preparing the tax returns, she cannot be considered a preparer under I.R.C. § 7701(a)(36). This contention also lacks merit. The district court properly found that Bui did receive compensation for the preparation of tax returns because she was licensed by the City of Seattle as the sole proprietor of the tax preparation business which received compensation. Under Washington state community property law, she had an undivided one-half interest in the business and its revenues. *See Dean v. Lehman*, 143 Wash.2d 12, 19, 18 P.3d 523 (2001) (en banc); *see also* Wash. Rev. Code § 26.16.030.

Bui's remaining contentions lack merit.

**AFFIRMED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.